UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYNN ZELVIN,

                            Plaintiff,

-v-                                            CIVIL ACTION NO. 23 Civ. 11073 (JHR) (SLC)

                                                      **ORDER**

EZCONTACTS.COM, LLC.,

                            Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

On May 29, 2024, Plaintiff submitted a motion for default judgment, along with supporting memorandum of law and attorney declaration (ECF Nos. 17–18-4 (the "Damages Submission")), which was referred to the undersigned for a report and recommendation. (ECF No. 20). On June 16, 2025, the Court issued an order directing Plaintiff to address certain defects in the Damages Submission. (ECF No. 23). On July 14, 2025, Plaintiff submitted a "Statement of Damages, Fees, and Costs" where he listed his requested compensatory damages, costs and disbursements, and attorneys' fees, but for a second time, failed to substantiate the Damages Submission with contemporaneous billing records and invoices. (See ECF No. 26).

A party submitting a fee application must support their request with "contemporaneous time records relaying the rates charged and hours worked by each attorney." Morozov v. ICOBOX Hub, Inc., No. 18 Civ. 3421 (GBD) (SLC), 2020 WL 5665639, at *8 (S.D.N.Y. May 5, 2020), adopted by 2020 WL 5665563 (S.D.N.Y. Aug. 18, 2020). Furthermore, a party must provide documentation in the form of receipts or invoices to support their requests for costs or fees. See Assure Global, LLC v. Anderson, No. 21 Civ. 5785 (LJL) (SLC), 2025 WL 1707920, at *7 (S.D.N.Y.

1

June 2, 2025), adopted by 2025 WL 170780 (SD.N.Y. June 18, 2025); McDermott v. NYFiresStore.com, Inc., No. 18 Civ. 10853 (AJN) (SLC), 2021 WL 952455, at *6 (S.D.N.Y. Jan. 15, 2021), adopted by 2021 WL 950507 (S.D.N.Y. Mar. 12, 2021).

Accordingly, the Court orders as follows:

1. By **Monday, July 21, 2025**, Plaintiff shall (i) submit contemporaneous billing records and invoices/receipts to support his requests for costs and attorneys' fees (the "Supplemental Submission"), and (ii) serve the Supplemental Submission on Defendant and file proof of service on the docket.

2. By **Monday July 28, 2025**, Defendant shall submit any response to Plaintiffs' Supplemental Submission.  IF DEFENDANT (1) FAILS TO RESPOND TO PLAINTIFF'S SUPPLEMENTAL SUBMISSION, OR (2) FAILS TO CONTACT MY CHAMBERS BY **JULY 28, 2025** AND REQUEST AN IN-COURT HEARING, I INTEND TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES BASED ON PLAINTIFF'S WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'" (quoting Fustok v. ContiCommodity Services Inc., 873 F.2d 38, 40 (2d Cir. 1989))).

Dated:      New York, New York
            July 15, 2025

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

3